UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, MARIE JOHNSON-PEREDO, ROBERT HEWSON, DONTE CHEEKS, DEBORAH HORTON, RICHARD PIERCE, ERMA SUE CLYATT, ROBERT JOYCE, AMY JOYCE, ARTHUR FULLER, DAWN MEADE, WAHAB EKUNSUMI, KAREN HEA, and ALEX CASIANO on behalf of the CLASS CERTIFIED BY THIS COURT'S MAY 14, 2015 ORDER CERTIFYING A CLASS IN *RAJAGOPALAN ET AL v. MERACORD, LLC*, <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and PLATTE RIVER INSURANCE COMPANY, as Sureties for Meracord, LLC, <br><br> Defendants. | CASE NO. C15-957 BHS <br><br> ORDER GRANTING MOTIONS TO CONSOLIDATE |
| CHERYL ANDERSON, on behalf of herself and all others similarly situated <br><br> Plaintiff, | CASE NO. C15-5476 BHS |

ORDER - 1

1

v.

2   MERACORD, LLC, a Delaware limited
    liability company; FIDELITY AND
3   DEPOSIT COMPANY OF MARYLAND,
    as a surety for Meracord, LLC,
4

5                       Defendants.

6         This matter comes before the Court on Plaintiffs Alex Casiano, Donte Cheeks,

7   Erma Sue Clyatt, Wahab Ekunsumi, Arthur Fuller, Karen Hea, Robert Hewson, Deborah

8   Horton, Marie Johnson-Peredo, Amy Joyce, Robert Joyce, Dawn Meade, Richard Pierce,

9   and Amrish Rajagopalan's ("Plaintiffs") motion to consolidate (C15-957, Dkt. 24) and

10  Plaintiff Cheryl Anderson's ("Anderson") motion to consolidate (C15-5476, Dkt. 83).

11  The Court has considered the pleadings filed in support of and in opposition to the

12  motion and the remainder of the file and hereby grants the motionS for the reasons stated

13  herein.

14                              **I. PROCEDURAL HISTORY**

15        On December 3, 2013, Anderson filed a complaint against Defendants Meracord,

16  LLC, ("Meracord") and Fidelity and Deposit Company of Maryland as surety for

17  Meracord ("Fidelity") in the United States District Court for the District of Arizona.

18  C15-5476, Dkt. 1.  On February 10, 2014, Anderson filed an amended class action

19  complaint against the same defendants asserting numerous causes of action including a

20  cause of action for the proceeds of a surety bond that Fidelity issued on behalf of

21  Meracord. *Id*., Dkt. 17.  On July 9, 2015, the matter was transferred to this Court. *Id*.,

22  Dkt. 70.

1    On June 15, 2015, Plaintiffs filed a class action complaint against Fidelity and

2  Platte River Insurance Company ("Platte") as sureties for Meracord asserting causes of

3  action for (1) proceeds of surety bonds that Fidelity and Platte issued in several states

4  across the nation, (2) bad faith claims, and (3) declaratory relief.  C15-957, Dkt. 1.

5    On August 10, 2015, Plaintiffs and Anderson filed motions to consolidate these

6  cases.  C15-957, Dkt. 24; C15-5476, Dkt. 83.  On August 24, 2015, Fidelity responded.

7  C15-957, Dkt. 32.  On August 28, 2015, Plaintiffs replied.  *Id.*, Dkt. 34.

8                              **II. DISCUSSION**

9    "If actions before the court involve a common question of law or fact, the court

10  may . . . consolidate the actions."  Fed. R. Civ. P. 42(b).  "[C]onsolidation is within the

11  broad discretion of the district court."  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th

12  Cir. 1987).

13    In this case, Fidelity opposes consolidation on the grounds that the *Anderson*

14  action is duplicative and should be dismissed.  Dkt. 32 at 4–5.  "As a general rule, a

15  federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it

16  is duplicative of a parallel action already pending in another federal court.'"  *See Foster*

17  *v. Arcata Associates*, 772 F.2d 1453, 1458 (9th Cir. 1985) (quoting *Ridge Gold Standard*

18  *Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado*

19  *River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)).

20  "[G]enerally, a suit is duplicative if the 'claims, parties, and available relief do not

21  significantly differ between the two actions.'"  *Id*. (quoting *Ridge Gold*, 572 F. Supp. at

22  1213 (citations omitted)).  While Fidelity has a strong argument that the Anderson claim

1   should be dismissed because it is identical to Plaintiffs' claim (*compare* C15-957, Dkt. 1,

2   ¶¶ 126–132 *with* C15-5476, Dkt. 17, ¶¶ 124–132), the Court declines to grant affirmative

3   relief based on arguments raised in a response brief.  Moreover, there is plenty of time to

4   dismiss the Anderson claim and the parties should meet and confer on this issue.

5        With regard to the merits of consolidation, the Court finds that the actions involve

6   common, if not identical, questions of law and fact and consolidation would promote

7   efficiency and conserve judicial resources.  Therefore, the Court grants Plaintiffs and

8   Anderson's motions.

9                                    **III. ORDER**

10       Therefore, it is hereby **ORDERED** that Plaintiffs and Anderson's motions to

11   consolidate (C15-957, Dkt. 24; C15-5476, Dkt. 83) are **GRANTED**.  The Clerk of Court

12   is directed to file this order in Cause No. C15-957BHS and Cause No. C15-5476BHS and

13   then close Cause No. C15-5476BHS.  No additional documents shall be filed in Cause

14   No. C15-5476BHS, and all documents filed in the future regarding these matters are to be

15   filed in Cause No. C15-957BHS.

16       Dated this 2nd day of September, 2015.

17

18

19

_____

BENJAMIN H. SETTLE
United States District Judge

20

21

22

ORDER - 4