UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMRISH RAJAGOPALAN, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>　　　　　　　Defendant. | CASE NO. C15-957 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Fidelity and Deposit Company of Maryland's ("Fidelity") motion to dismiss (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On June 15, 2015, Plaintiffs Cheryl Anderson, Alex Casiano, Donte Cheeks, Erma Sue Clyatt, Wahab Ekunsumi, Arthur Fuller, Karen Hea, Robert Hewson, Deborah Horton, Marie Johnson-Peredo, Amy Joyce, Robert Joyce, Dawn Meade, Richard Pierce,

and Amrish Rajagopalan, on behalf of a certified class ("Plaintiff"), filed a complaint against Fidelity asserting fifteen claims for relief and eight claims for declaratory judgment. Dkt. 1. On May 14, 2015, the Court certified a class in *Rajagopalan, et al. v. Meracord, LLC*, No. 12-cv-05657-BHS (W.D. Wash). Plaintiff asserts that it is that class bringing claims against Fidelity. Dkt. 1, ¶ 14.

On August 17, 2015, Fidelity filed a motion to dismiss. Dkt. 31. On October 5, 2015, Plaintiff responded. Dkt. 44. On October 23, 2015, Fidelity replied. Dkt. 49.

## II. DISCUSSION

Fidelity moves to dismiss the complaint for lack of jurisdiction arguing that a certified class in one action may not file a complaint in a separate action against a third party. This appears to be a question of first impression in this circuit. The First Circuit, however, has addressed the issue in a factually similar circumstance. *Zimmermann v. Epstein Becker & Green, P.C.*, 657 F.3d 80, 81 (1st Cir. 2011). In *Zimmermann*, the district court certified a class of plaintiffs asserting claims against various companies engaged in credit repair and debt consolidation. *Id*. at 81-82. The plaintiff class secured a judgment for $259 million. *Id*. at 82. Upon discovering that the judgment was largely uncollectable against the defendants, the class filed complaints against the original defendants' auditing firms and the original defendants' lawyers. *Id*. The district court dismissed both complaints, and, in the case against the lawyers, stated as follows:

> In the end, this complaint rests on an unprecedented and rather startling premise: that a class certified in one action may on its own institute an independent lawsuit against different parties, never provide these new parties any opportunity to challenge the propriety of the class action mechanism, and expose these new defendants to the risk of a

>massive class-based damage award. Moreover, plaintiff class members, as well as Defendants, face possible prejudice, since they have no opportunity to opt out of a class remedy if they prefer to pursue their own independent claims. The potential abuse of the class action tool if Plaintiffs' theory were approved is prodigious. It simply cannot be permitted.

*Zimmermann v. Epstein Becker & Green, P.C.*, 2010 WL 2724001, at *4 (D. Mass. July 8, 2010), *aff'd* 657 F.3d 80 (1st Cir. 2011). The plaintiffs appealed both dismissals. The First Circuit consolidated the appeals and affirmed both dismissals concluding that "a certified class in one action is not a free floating entity entitled to conduct new and separate lawsuits against new defendants—unless and until it is certified in the new action." *Zimmermann*, 657 F.3d at 85.

In this case, Plaintiff does not provide any tenable grounds to distinguish *Zimmerman*. First, Plaintiff argues that, once certified, a class is an "independent juridical entity." Dkt. 44 at 10 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1138 (10th Cir. 2009)). In *Clark*, the court addressed whether the class may be maintained after the named plaintiff's claims become moot. *Id*. This language provides no support for the proposition that a class may file separate actions against separate defendants. Thus, Plaintiff's reliance on *Clark* is without merit.

Second, Plaintiff contends that "the Ninth Circuit has permitted the enforcement of liability against a statutory surety bond in circumstances virtually identical to those in this action." Dkt. 44 at 13. In *FTC v. MTK Mktg., Inc.*, 149 F.3d 1036 (9th Cir. 1998), the Ninth Circuit addressed the scope of the term "other person" in Article 1.4 of California's Telephone Sellers Act ("Act"). *Id*. at 1037-1038. The court held that "FTC is a 'person' within the meaning of the Act," and therefore could bring claims against a surety bond on

1   behalf of consumers. *Id.* at 1041. The holding is not persuasive authority for the

2   proposition that a class certified under the Federal Rules of Procedure becomes a free

3   floating legal entity entitled to bring claims against third party defendants. Essentially,

4   Plaintiff argues that the scope of the term "person" in one state statute vitiates the

5   procedural and substantive requirements of Rule 23 for any certified class in subsequent

6   actions. Plaintiff's argument is unavailing.

7         Third, Plaintiff asserts that, "[i]n appropriate circumstances, courts permit certified

8   classes to pursue claims against third parties." Dkt. 44 at 10 (citing *Owner Operator*

9   *Indep. Drivers Ass'n Inc. v. Comerica Inc.*, 2006 WL 1339427, at *7 (S.D. Ohio May 16,

10   2006)). In *Comerica*, defendants moved to dismiss the complaint because it was not a

11   party in the original class action and no court had certified a class against defendant. *Id*.

12   The plaintiff class argued that the suit was "not a class action in nature, but rather a single

13   claim to collect property that [the court] previously awarded to the defined and identified

14   class." *Id*. The court denied the motion to dismiss "because this Court previously

15   ordered a judgment for the class [and] the Class may continue to seek restitution from

16   Defendant for the return of Plaintiffs' escrow funds." *Id*.

17         *Comerica* is neither binding nor persuasive. Plaintiff is not seeking money that

18   was either improperly or fraudulently transferred to avoid judgment. Plaintiff has

19   asserted contract and extra-contractual claims. Although the claims require some

20   underlying liability, they are independent claims that go well beyond merely seeking to

21   recover funds like the *Comerica* class. Therefore, based on the holdings in *Zimmermann*,

22   the Court concludes that it does not have diversity jurisdiction over Plaintiff.

In the alternative, Plaintiff argues that the Court has ancillary jurisdiction. Dkt. 44 at 11. Although Plaintiff combines language pulled from select cases to argue that the Court retained jurisdiction to enforce the judgment it entered against Meracord, none of these decisions have application to the circumstances here. The simple fact is that this is not an action to enforce a judgment; it is an action to collect under separate contracts. While the instant contracts require underlying liability and damages, they are independent contracts. Therefore, the Court does not have ancillary jurisdiction to consider Plaintiff's claims.

### III. ORDER

Therefore, it is hereby **ORDERED** that Fidelity's motion to dismiss (Dkt. 31) is **GRANTED**.

Dated this 8th day of December, 2015.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge